UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, | ) |
|               Plaintiff, | ) |
|       v. | ) No. 2:19-cv-00559-JRS-DLP |
| BRENDA HINTON,<br>CHARLIE DUGAN, | ) |
|               Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kevin L. Martin alleges that the defendants violated his First Amendment right of access to the courts and retaliated against him when they failed to mail his filings in two state court civil cases. Before the Court is the defendants' motion for summary judgment, dkt. 34. Martin, a restricted filer, has not opposed the motion. For the reasons explained in this Order, the Court grants the defendants' motion for summary judgment.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot

weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Martin's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

Martin is an Indiana inmate who was housed at Wabash Valley Correctional Facility during the time relevant to his complaint. He filed two complaints in Sullivan County Circuit Court in October 2017. In November 2017, the state court ordered him in both cases to file the proper

number of copies of the complaints and summonses. Martin showed Counselor Dugan the order and asked him to make the copies for him. Dkt. 34-1 at 38, 42. Dugan forwarded the request to Brenda Hinton, the law librarian. Dkt. 36-6. She contacted the Sullivan County Court Clerk who assured Hinton that Martin did not need to file additional copies of the complaints and summonses. Dkt. 34-1 at 33-34, 37.

Martin alleges that Charlie Dugan and Brenda Hinton refused to file his court documents in retaliation against him because he had previously filed grievances against them. Their refusal to file the required copies with the state court caused him to miss deadlines in the cases and led to their dismissal. Dkt. 11. Martin later successfully appealed to the Indiana Court of Appeals and his lawsuits in Sullivan County are now in active litigation. Dkt. 34-2; dkt. 34-3.

## III.
## Discussion

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). That right is violated when a defendant, acting under color of law, interferes with an inmate's efforts to pursue a non-frivolous legal claim resulting in harm to the inmate's claim. *See Lewis v. Casey,* 518 U.S. 343, 352–53 (1996); *Pratt v. Tarr,* 464 F.3d 730, 732 (7th Cir.2006). Here, Martin has not "lost a case or suffered some other legal setback," as is required to state an access-to-courts claim. *Pratt,* 464 F.3d at 732. His state court cases have been reinstated and are proceeding. And if he ultimately loses those cases, it will not be because the defendants failed to provide the state court with copies of his complaint and summonses.

Martin's retaliation claim fails for the same reason. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the

3

future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Martin did not suffer a deprivation that would deter First Amendment Activity in the future because his state court cases are proceeding.[1] He has also failed to show that his previous First Amendment Activity was a motivating factor in the defendants' failure to make copies for him. While suspicious timing can be evidence of a causal connection, "[t]emporal proximity" on its own "is ordinarily not sufficient to establish causation." *McKinley v. Schoenbeck*, 731 Fed. App'x 511, 514 (7th Cir. 2018).

For these reasons, the defendants are entitled to summary judgment.

## IV.
## Conclusion

The defendants' motion for summary judgment, dkt. [34], is **granted**. Judgment consistent with this Order, and the Order Screening Amended Complaint, dkt. [21], shall now issue.

**IT IS SO ORDERED.**

Date: 4/5/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

---

[1] Although the defendants further argue that Martin's continued filing of federal lawsuits demonstrates that he has not been deterred in exercising his First Amendment rights, such arguments are irrelevant. The question of whether a deprivation is likely to deter First Amendment activity is judged on an objective rather than subjective standard. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020).

Distribution:

KEVIN L. MARTIN
169789
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov